NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON

Eastern District of Kentucky
FILED
SEP 27 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-112-DLB

ARDETH CONDEY FINLEY, JR., AND
ARDETH CONDEY FINLEY, III                                                PLAINTIFFS

VS:                  **MEMORANDUM OPINION AND ORDER**

JOHN SHULTZ, ET AL.                                                      DEFENDANTS

The plaintiffs, Ardeth Condey Finley, Jr. ("Finley Jr."), and Ardeth Condey Finley, III ("Finley III"), are currently confined in the Eastern Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky. They have submitted a joint prisoner *pro se* civil rights action pursuant to 42 U.S.C. §1983 [Record Nos. 1 and 2]. Finley Jr. submitted a preprinted complaint form containing handwritten responses, in which he listed himself as the sole plaintiff [Record No. 1]. Finley Jr. and Finley III submitted a joint handwritten 132- page memorandum, with attachments [Record No. 2].

Both plaintiffs have filed applications to proceed *in forma pauperis* [Record Nos. 3 and 7]. These motions will be addressed by separate Orders.

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. First, he must show that he has been deprived of rights secured by the Constitution or laws of the United States. Second, he must show that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

### DEFENDANTS

The plaintiffs name five defendants in various submissions filed in this action: (1) John Schultz, an attorney in Walton, Kentucky; (2) Steven Niehaus, an attorney in Burlington, Kentucky; (3) Terry Vannarsdale, a detective with the Police Department of Florence, Kentucky; (4) the Boone County Circuit Court; and (5) the Campbell County Circuit Court.[1]

### CLAIMS

The plaintiffs claim that the named defendants maliciously prosecuted them and violated their rights under the U.S. Constitution, specifically the Fifth, Sixth, and Fourteenth Amendments.

In 1993, Finley Jr. was convicted in the Boone Circuit Court of committing sexual offenses against his sons who, at the time, were ages 11 and 7. One of the sons against whom plaintiff Finley Jr. committed the sexual offenses was co-plaintiff Finley III.[2] In 2002, co-plaintiff Finley III was

---

[1] Finley Jr. lists Defendants Schultz, Niehaus and Vannarsdale as the only defendants in the complaint form. In subsequent pleadings, however, both Finley Jr. and Finley III listed the Boone County Circuit Court and the Campbell County Circuit Court as defendants.

[2] The Kentucky Department of Corrections ("DOC") "Offender online Lookup System" reflects that Finley Jr. was convicted in 1993 in the Boone Circuit Court of two counts of Sodomy, 1st Degree, and received a 50-year sentence for each count, to be served consecutively.

2

convicted in the Campbell Circuit Court of Assault in the First Degree.[3] All of the named defendants were involved in some capacity in the plaintiffs' respective criminal prosecutions.

The plaintiffs allege that they have obtained new medical and psychiatric evidence from 2002 through 2004. They allege that the new evidence proves that the criminal charges filed against Finley Jr. in 1993 were a cover-up for child abuse that employees of two psychiatric hospitals for children in Cincinnati committed against Finley III between 1988 and 1994, the period of time during which Finley III was a patient in those hospitals. The plaintiffs challenge numerous evidentiary aspects of their respective convictions, such as the admission of social workers' testimony against them. The plaintiffs' Memorandum of Law [Record No. 2] is essentially a running summary of events which they claim led to their respective prosecutions, and a recital of various witnesses' testimony. The Memorandum sets forth the plaintiffs' objection to that testimony and adverse rulings from the Boone and Campbell Circuit Courts during their respective criminal trials.

### RELIEF REQUESTED

The plaintiffs seek new and "impartial" criminal trials in state court [*see* Complaint form, Record No. 1, § V; and Memorandum, Record No. 2, p. 131]. They also seek a declaratory judgment that their respective convictions were illegal and should be set aside.

### PREVIOUS LITIGATION
### 1. Finley §2254 Habeas Petition

The docket of this Court reveals that on October 4, 1999, Finley Jr. filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, being *Finley v. Million*, Covington, 99-CV-200-WOB (Hon. William O. Bertelsman presiding) ("the Finley Habeas Action").

---

[3] The KDOC "Offender online Lookup System" reflects that Finley III was convicted in the Campbell Circuit Court in 2002 of Assault in the 1st Degree and received an 18-year sentence.

3

On July 17, 2000, Magistrate Judge J. Gregory Wehrman entered a "Report and Recommendation" ("R & R") in which he recommended that Finley Jr.'s §2254 habeas corpus petition be denied and dismissed. The R & R contains a detailed discussion of the many post-conviction motions which Finley Jr. filed in the Boone Circuit Court. After conducting an extensive review and analysis of the claims Finely asserted in his §2254 petition, Magistrate Judge Wehrman concluded that Finley Jr. had failed to file his §2254 petition within the statute of limitations imposed under 28 U.S.C. §2244(d)(1). Magistrate Judge Wehrman further concluded that Finley Jr.'s claims, including ineffective assistance of counsel, were either without merit or suffered from numerous other procedural defects.[4]

On August 10, 2000, Judge Bertelsman adopted the R & R, dismissed the §2254, and denied a certificate of appealability. Finley Jr. appealed that dismissal and was granted permission to appeal *in forma pauperis*. On February 5, 2001, the Sixth Circuit dismissed the appeal.

### 2. 2003 Finley Action

On June 3, 2003, Plaintiff Finley Jr. filed a previous §1983 malicious prosecution civil rights action in this Court, being *Finley v. Densford*, Covington Civil Action No. 03-120-WOB (Hon. William O. Bertelsman, presiding) ("the 2003 Finley Action").[5] Finley Jr. named twelve individuals in the 2003 Finley Action, all of whom were involved in his 1993 criminal prosecution in Boone Circuit Court. As in the instant proceeding, Finley Jr. claimed in the 2003 Finley Action that he had

---

[4]

Magistrate Judge Wehrman noted that Finley Jr. raised issues in his §2254 petition which amounted to no more than errors of state law, which do not provide grounds for the issuance of a federal writ of habeas corpus [R & R, 99-200, Record No. 13, p. 9].

[5] The co-plaintiff in this action, Finley III, was not a plaintiff in the 2003 Finley Action.

been maliciously prosecuted in the Boone Circuit Court.[6] He claimed that various constitutional rights had been violated in the course of his criminal prosecution and sought monetary damages as result. On July 21, 2003, the Court dismissed the 2003 Finley Action without prejudice, in light of the holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under §1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid "unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.* at 487; *see also Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S.Ct. 1827, 36 L. Ed.2d 439 (1973).

Finley Jr. appealed this dismissal of the 2003 Finley Action. On March 17, 2004, the Sixth Circuit affirmed the dismissal. The court stated that because Finley Jr.'s conviction had not been invalidated, any ruling on Finley Jr.'s arguments would call into question the validity of his conviction. Accordingly, it agreed that the complaint was barred by *Heck*.

## ALLEGATIONS OF INSTANT COMPLAINT
### 1. Finley Jr.'s Claims

The Court takes judicial notice of the fact that in the 2003 Finley Action, Finley Jr. attached

---

[6] Finley Jr. named the Boone Circuit Judge who presided over his criminal trial, his trial court attorneys, his post-conviction attorneys, prosecutors, adverse witnesses, and other individuals as defendants in the First Finley Action. One of the individuals he named was Detective Terry Vannarsdale, who is also named as a defendant in the instant proceeding.

5

as an exhibit to his complaint the unpublished opinion of the Kentucky Supreme Court (Case No. 04-SC-263-TG), affirming his conviction on direct appeal. That decision was rendered on June 8, 1995, and became final on June 29, 1995. He also attached a copy of the unpublished Kentucky Court of Appeals decision affirming his subsequent collateral attack under Kentucky Rule of Criminal Procedure 11.42. That decision was dated November 29, 1997. The Kentucky Supreme Court denied discretionary review each time.

In the instant proceeding, Finley Jr. alleges that on May 2, 2004, he filed a second collateral attack in the Boone Circuit Court, under Kentucky Rule of Criminal Procedure 11.42. He states that although he alleged the existence of exculpatory and newly discovered psychiatric evidence, the Boone Circuit Court denied his second 11.42 motion on October 1, 2004. He states that the Boone Circuit Court determined that the evidence upon which Finley Jr. relied was not "newly discovered." [*See* Record No. 2, Memorandum, p. 9.][7]

## 2. Finley III's Claims

Finley III alleges in the Memorandum of Law that his conviction in the Campbell Circuit Court was the result of "an induced Alford Plea for First Degree Assault Child Abuse." [Record No.2, p. 111.][8] The plaintiff alleges that upon Finely III's arrival at the EKCC in September, 2002, Finley III informed his father, Finley Jr., that Defendant Terry Vannarsdale and his mother had

---

[7]

Finley Jr. alleges that because he did not receive a copy of the Boone circuit Court's Order until October 19, 2004, he was unable to file a "CR 52.02" motion until November 18, 2004. Apparently the Boone County Commonwealth's Attorney claimed that the "CR 52.02" motion was untimely. Finley Jr alleges that he subsequently filed a Petition for Writ of mandamus in the Kentucky court of Appeals, Case No. 2005-CA-806-OA, which he states is till pending [*Id.*, p. 12].

[8]

Although Finley III has signed his name at the end of this joint Memorandum, at p. 131, it appears that Finley Jr. prepared the entire submission in his own handwriting [Record No. 2].

6

forced him (Finley III) into recanting a sworn affidavit he had given in 1996, in which he had proclaimed his father's (Finley Jr.) innocence of the sex crimes involving him (Finley III).

The plaintiffs' Memorandum further alleges that on June 24, 2002, the day that Finley III's trial was to begin in the Campbell Circuit Court, Finley III's mother coerced Finley III into pleading guilty. They allege that Finley III's mother threatened to testify against Finely III if he did not plead, claiming that she was not going to risk being sent to prison and losing her boyfriend.[9] [Record No. 2, p. 125.] The plaintiffs also allege that Finley III's public defender, Mott Plummer, "had to be in on these coercive tactics, threats, misrepresentations, etc. or he would have continued the trial to find out why all 3 of his subpoenaed witnesses failed to show up at trial." [*Id.*]

The plaintiffs allege that on September 1, 2004, Finley III filed a "Motion to Vacate and Set aside Sentence and Judgment of Ardeth C. Finley III" in the Campbell Circuit Court, pursuant to Kentucky Rule of Criminal Procedure 11.42 [*Id.*, p. 126]. It appears from the record that at the present time, Finley III's 11.42 motion is still pending in the Campbell Circuit Court

The plaintiffs state that on April 28, 2005, Finley III signed an authorization allowing his attorney, Edward Gafford, of the Kentucky Department of Public Advocacy, to obtain his medical records from the Kentucky Correction Psychiatric Center ("KCPC") [*Id.*, pp. 127-128]. On August 10, 2005, the plaintiffs supplemented their §1983 complaint by filing: (1) a copy of a letter dated August 4, 2005, which Finley III states that he mailed to Mr. Gafford, and (2) additional records

---

[9]

Finley Jr. alleges that his former spouse (Finley III's mother), was responsible for the the criminal charges being filed against him in Boone Circuit Court, and his resulting conviction. Finley Jr. alleges that his former spouse had alleged that Finley Jr. raped her in 1980. He further alleges that after his former spouse met a rich man in 1987, she arranged for their children, including Finley III, to finally begin visitation with Finely Jr. Finley Jr. alleges this plan was part of his ex-wife's scheme to rid herself of her children and begin a series of disputes and legal proceedings which resulted in his conviction for sex crimes against Finley III [Record No. 2, pp. 13-15].

pertaining to Finley III [Record No. 5]. Gafford had stated in a letter dated July 26, 2005, [Record No. 5, (attachment)], that he had not received the signed authorization from Finely III requested in April, 2005, and that he needed Finely III to sign the medical release in order to obtain more specific psychiatric information about Finley III.[10] In his twelve-page response, Finley III sharply criticized Gafford for having failed to act more expeditiously on Finley III's behalf. Finley III derided Gafford for his renewed request that Finley III sign a medical release.

<div align="center">

DISCUSSION
1. Finley Jr.'s Claims
A. §1983 Claims Against Defendants

</div>

The Court must dismiss Finley Jr.'s proceeding with prejudice. The complaint appears to be a "hybrid" submission, which in part names three individual defendants and alleges that these named defendants maliciously prosecuted Finley Jr. To the extent the complaint seeks damages under §1983 against these individuals, it is clearly barred by both the *Heck v. Humphrey* doctrine and by the *Rooker-Feldman* doctrine.

As Judge Bertelsman explained in the opinion dismissing the 2003 Finley action, *Heck* precludes the recovery of civil damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, where the plaintiff is unable to prove that the underlying conviction or sentence has been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such determination; or (4) called into question by a federal court's

---

[10] In his August 4, 2005 letter, Finley III states to Gafford as follows: "I am answering your letter to me dated July 26, 2005 and I must say I am highly pissed off." [Record No. 5, attachment] Stating that he had already supplied the requested medical authorization to Gafford, Finley III asked Gafford, "What was you doing about my records for this 3 months ?" [*Id.*]

issuance of a writ of habeas corpus. *Id.*, 512 U.S. 477, 486-87.[11]

Plaintiff Finley Jr. is unable to demonstrate in this proceeding that he has the requisite standing under *Heck* to assert a claim for damages against the named defendants. The facts simply refute that Finley Jr.'s conviction in the Boone Circuit Court has been reversed on direct appeal, or that his criminal conviction has been called into question by a federal court's issuance of a writ of habeas corpus. Indeed, the previous proceedings which Finley Jr. has filed in this Court clearly reflect the contrary. They document that Finley Jr. has already challenged his criminal conviction by filing: (1) an *unsuccessful* direct appeal to the Kentucky Supreme Court; (2) an *unsuccessful* collateral attack in Boone Circuit Court via Kentucky Criminal Rule 11.42; (3) an *unsuccessful* appeal of the 11.42 proceeding to the Kentucky Court of Appeals; (4) the *unsuccessful* Finley §2254 Habeas Petition; and (5) an *unsuccessful* appeal of the denial of the Finley §2254 Habeas Petition to the Sixth Circuit. Applying *Heck v. Humphrey* to the instant case, the Court concludes that a judgment in favor of Finley Jr. on his claims herein would necessarily imply that his underlying conviction and sentence is illegal. Thus, dismissal of Finley Jr.'s §1983 malicious prosecution claim is proper.

Second, *Rooker-Feldman* also precludes the Court from overriding or overturning a criminal conviction obtained (and affirmed) in the Kentucky courts, which is essentially what Finley Jr. asks this Court to do. This doctrine, "a combination of the abstention and *res judicata* doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in

---

[11] While *Heck* applies to civil rights action against state actors brought under 42 U.S.C. §1983, it applies with equal force to civil rights actions asserted against federal actors under *Bivens*. *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir.1998).

9

state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

"Federal courts must give 'full faith and credit' to the judicial proceedings of state courts." *Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.), *cert. denied*, 525 U.S. 1041 (1998), citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85 (1984). Under these circumstances, this Court lacks subject matter jurisdiction over Finley Jr.'s claims against the named defendants. *Danforth v. Celebrezze*, 76 Fed.Appx. 615, 616-617, 2003 WL 22097852, **1 (6th Cir.(Ohio) September 4, 2003); *Akers v. Bishop*, 65 Fed.Appx. 952, 2003 WL 21019171 (6th Cir. 2003) (not selected for publication). For this additional reason, dismissal is proper.

### B. Construed §2254 Habeas Claim

In his pending complaint, Finley Jr. asks for a "new and impartial trial." He disputes and challenges, in great detail, all aspects of his conviction in the Boone Circuit Court: the value and credibility of the evidence presented against him; the motive and credibility of adverse witnesses who testified against him; the trial court's rulings; and the performance of his defense counsel.[12] To that extent, the current submission constitutes a second or successive petition for habeas corpus relief

---

[12]

Notably, Finley Jr. neither labeled his current submission as habeas petition nor named his custodian, Randall Stovall,the warden of the EKCC, as a respondent. The Court notes that when Judge Bertelsman dismissed the 2003 Finley Action, he construed Finley Jr.'s submission as one seeking §2254 habeas relief under the guise of a civil rights complaint seeking damages. Judge Bertelsman stated that "The plaintiff is wrong about the interchangeable nature of habeas and civil rights actions. Although he has brought this action pursuant to 42 U.S.C. §1983 and asks for damages, what the plaintiff admittedly seeks is to have his conviction vacated and to be released from prison." [*Finley v. Densford*, 03-CV-120-WOB, Record No. 6, p. 4.]

under §2254.[13] "[A]lthough 1983 by its terms . . . [is] . . . literally applicable to prisoners' actions, challenges to fact or duration of imprisonment appropriately lie only under habeas corpus, the 'more specific act'." *N.A.A.C.P. v. Detroit Police Officers Ass'n.*, 900 F.2d 903 (6th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. at 489-90).

As previously noted, the docket of this Court reflects that Finley Jr. filed the Finley §2254 Habeas Petition, and that this Court dismissed it in 2000. To the extent that Finley Jr. now seeks habeas relief in this Court by way of a second or successive habeas petition under §2254, he will not be granted an unlimited number of challenges. The law simply does not permit it. 28 U.S.C. §2244(b)(3)(A) provides as follows:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. §2244(b)(3)(A).

Finley Jr. has not provided any evidence that he has obtained an order from the Sixth Circuit Court of Appeals authorizing this Court to consider an application for a second or successive application under §2254. In light of that fact, the Court cannot consider Finley Jr.'s construed, successive habeas claims under §2254. The court reiterates Judge Bertelsman's language, in the dismissal of the 2003 Finley Action, on this very issue, in which he stated ". . . this result is consistent with provisions of the Prison Litigation Reform Act of 1996 (PLRA), which imposed a one-year statute of limitations and a prior approval mechanism for bringing a successive §2254

---

[13] Again, the plaintiff now claims that he has newly obtained medical evidence which proves that he is innocent of the crime of which he was convicted The Boone Circuit Court denied his second 11.42 motion based on this claim. The plaintiff states that as a result of that denial, he filed a Petition for Writ of Mandamus in the Kentucky Court of Appeals in November, 2004.

11

habeas petition. *See* 28 U.S.C. §2244. The instant plaintiff should not and will not be permitted to use the provisions of 42 U.S.C. §1983 to accomplish an end run around either the terms of the habeas statutes or the dictates of the Supreme Court of the United States." [*Finley v. Densford*, 03-CV-120-WOB, Record No. 6, p. 4].

In sum, Finley Jr.'s construed habeas corpus claims under §2254 are dismissed without prejudice.

### 2. Finley III's Claims

Finley III's claims can briefly be disposed of on the same grounds as Finely Jr's. Finley III pleaded guilty to a felony offense in 2002. He has not demonstrated that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. *Heck v. Humphrey* dictates that a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck v. Humphrey*, 512 U.S. 480; *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995).

The fact that Finley III pleaded guilty precludes him from obtaining a reversal on direct appeal. As for being called into question via a habeas corpus remedy, this Court's docket does not reflect that Finley III has filed a petition for habeas corpus relief under §2254. On the contrary, Finley III alleges that his 11.42 motion is currently pending in the Campbell Circuit Court, and that as recently as August 4, 2005, he was dissatisfied with his public advocacy attorney's representation.

A petition for writ of habeas corpus under 28 U.S.C. §2254 can only be filed in district court following exhaustion of state court remedies. *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985) (citing *Preiser*, 411 U.S. at 482). To the extent that Finley III alleges that his 11.42 collateral attack

12


on his criminal conviction is still pending in the Campbell Circuit Court, Finley III has not fully exhausted his state court remedies, including appeal of any denial of an 11.42 motion. The Court dismisses, as premature, Finley III's claims either for damages under §1983, or habeas corpus relief under §2554. Finley III's claims are dismissed without prejudice to his exhaustion of the claims. The plaintiffs' motions for appointment of counsel and to supplement the complaint are therefore denied as moot.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED AS FOLLOWS:**

1.   The plaintiffs' "Motion to Appoint Counsel" [Record No. 4] is **DENIED AS MOOT.**

2.   The plaintiffs' "Motion to Supplement the Complaint" [Record No. 5] is **DENIED AS MOOT.**

3.   This action is **DISMISSED** without prejudice, *sua sponte*.

4.   Judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This 27th day of September, 2005.



Signed By:
David L. Bunning
United States District Judge